JUDGE BRODERICK

*ORIGINAL*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      :

         -v.-           :

JOHN W. ASHE,            :
FRANCIS LORENZO,
  a/k/a "Frank Lorenzo,"    :
NG LAP SENG,
  a/k/a "David Ng,"       :
  a/k/a "David Ng Lap Seng,"
JEFF C. YIN,            :
  a/k/a "Yin Chuan," and
SHIWEI YAN,            :
  a/k/a "Sheri Yan,"

          Defendants.    :

- - - - - - - - - - - - - - - - x

**INDICTMENT**

15 Cr.

**15 CRIM 706**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 2 0 2015

## COUNT ONE

(Conspiracy to Commit Bribery)

The Grand Jury charges:

1.    From at least in or about Spring 2011, up to and including at least in or about December 2014, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 666.

2.    It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David

Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan,"

and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others

known and unknown, would and did corruptly give, offer, and agree

to give a thing of value to a person, with the intent to

influence and reward an agent of an organization, in connection

with a business, transaction, and series of transactions of such

organization, involving a thing of value of $5,000 and more,

while such organization was in receipt of, in a one year period,

benefits in excess of $10,000 under a Federal program involving a

grant, contract, subsidy, loan, guarantee, insurance, and other

form of Federal assistance, in violation of Title 18, United

States Code, Section 666(a)(2), to wit, LORENZO, NG, YIN, YAN,

and others agreed to pay and to facilitate the payment of bribes

to an individual serving as the Permanent Representative to the

United Nations ("UN") for Antigua and Barbuda ("Antigua"), and

later also serving as President of the UN General Assembly, in

exchange for official actions on behalf of multiple businessmen.

<u>Overt Acts</u>

3.    In furtherance of the conspiracy and to effect the

illegal object thereof, the following overt acts, among others,

were committed and caused to be committed in the Southern

District of New York and elsewhere:

a.    On or about February 24, 2012, FRANCIS LORENZO,

a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a

2

"David Ng Lap Seng," and JEFF C. YIN, a/k/a "Yin Chuan," caused the Permanent Representative to the UN for Antigua to introduce a document at the UN in support of a real estate project to be developed by NG's company.

b.    On or about July 25, 2012, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, arranged for a $300,000 wire on behalf of a co-conspirator not named as a defendant herein ("CC-1") to a bank account in New York, New York belonging to the Permanent Representative to the UN for Antigua, in exchange for the Permanent Representative advocating for CC-1's business interests with Antiguan and other government officials.

c.    On or about November 4, 2013, YAN arranged for a $200,000 wire on behalf of another co-conspirator not named as a defendant herein ("CC-2") to a bank account belonging to the President of the UN General Assembly, in exchange for the President attending a private conference in China in his official capacity.

d.    On or about June 3, 2014, NG, LORENZO, and YIN arranged for a $200,000 wire payment to a bank account belonging to the President of the UN General Assembly, in exchange for the President making a visit to NG in the President's official capacity in order to discuss progress on the real estate project to be developed by NG's company.

(Title 18, United States Code, Section 371.)

3

## COUNT TWO

(Bribery)

The Grand Jury further charges:

4.    From at least in or about Spring 2011, up to and
including in or about December 2014, in the Southern District of
New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo,"
NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," and
JEFF C. YIN, a/k/a "Yin Chuan," the defendants, corruptly gave,
offered, and agreed to give a thing of value to a person, with
the intent to influence and reward an agent of an organization,
in connection with a business, transaction, and series of
transactions of such organization, involving a thing of value of
$5,000 and more, while such organization was in receipt of, in
any one year period, benefits in excess of $10,000 under a
Federal program involving a grant, contract, subsidy, loan,
guarantee, insurance, and other form of Federal assistance, to
wit, LORENZO, NG, and YIN facilitated and arranged for the
payment of bribes to an individual serving as the Permanent
Representative to the United Nations for Antigua, and later also
serving as President of the UN General Assembly, in exchange for
official actions to benefit NG, including NG's interests in
business opportunities in Antigua and in developing a conference
center in Macau, China.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

4

## COUNT THREE
(Bribery)

The Grand Jury further charges:

5.   At least in or about Summer 2012, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, YAN facilitated and arranged for the payment of bribes to an individual serving as the Permanent Representative to the United Nations for Antigua, in exchange for official action to benefit CC-1, including CC-1's interest in business opportunities in Antigua.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT FOUR
(Bribery)

The Grand Jury further charges:

6.   At least in or about Fall 2013, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri

Yan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, YAN facilitated and arranged for the payment of bribes to an individual serving as the Permanent Representative to the United Nations for Antigua and as President of the UN General Assembly, in exchange for official action to benefit CC-2, including CC-2's interest in business opportunities in Antigua.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

### COUNT FIVE

(Bribery)

The Grand Jury further charges:

7.     From at least in or about Fall 2013, up to and including at least in or about Spring 2014, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a

business, transaction, and series of transactions of such
organization, involving a thing of value of $5,000 and more,
while such organization was in receipt of, in any one year
period, benefits in excess of $10,000 under a Federal program
involving a grant, contract, subsidy, loan, guarantee, insurance,
and other form of federal assistance, to wit, YAN facilitated and
arranged for the payment of bribes to an individual serving as
the Permanent Representative to the United Nations for Antigua
and also serving as President of the UN General Assembly, in
exchange for official action to benefit a co-conspirator not
named as a defendant herein ("CC-3"), including the President
attending in his official capacity a private conference in China
sponsored by CC-3.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT SIX
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

8.    From at least in or about Spring 2011, up to and
including at least in or about December 2014, in the Southern
District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank
Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap
Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a
"Sheri Yan," the defendants, and others known and unknown,
willfully and knowingly did combine, conspire, confederate, and

7

agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

9.   It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others known and unknown, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of a United Nations official and the bribery of a foreign official, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, LORENZO, NG, YIN, YAN and others agreed to transmit payments from China to the United States to effect the bribery of, among others, (i) an individual serving as the Permanent Representative to the United Nations for Antigua, and later also serving as President of the UN General Assembly, and (ii) the then-Prime Minister of Antigua.

(Title 18, United States Code, Section 1956(h).)

**COUNT SEVEN**

(Money Laundering)

The Grand Jury further charges:

10.  From at least in or about Spring 2011, up to and including at least in or about December 2014, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," and JEFF C. YIN, a/k/a "Yin Chuan," the defendants, knowingly transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of a United Nations official and the bribery of a foreign official, to wit, LORENZO, NG, and YIN transmitted and facilitated the transmission of payments from China to the United States to effect the bribery of, among others, (i) an individual serving as the Permanent Representative to the United Nations for Antigua, and later also serving as President of the UN General Assembly, and (ii) the then-Prime Minister of Antigua.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

9

## COUNT EIGHT

(Money Laundering)

The Grand Jury further charges:

11.    From at least in or about Summer 2012, up to and
including at least in or about Spring 2014, in the Southern
District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri
Yan," the defendant, knowingly transported, transmitted, and
transferred, and attempted to transport, transmit, and transfer,
a monetary instrument and funds from a place in the United States
to and through a place outside of the United States and to a
place in the United States from and through a place outside of
the United States, with the intent to promote the carrying on of
specified unlawful activity, to wit, the bribery of a United
Nations official and the bribery of a foreign official, to wit,
YAN transmitted and facilitated the transmission of payments from
China to the United States to effect the bribery of, among
others, (i) an individual serving as the Permanent Representative
to the United Nations for Antigua, and later also serving as
President of the UN General Assembly, and (ii) the then-Prime
Minister of Antigua.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

10

## COUNTS NINE AND TEN

(Subscribing to False and Fraudulent U.S. Individual Income Tax
Returns)

The Grand Jury further charges:

12.  On or about the dates identified below, in the Southern
District and elsewhere, JOHN W. ASHE, the defendant, willfully
and knowingly, made and subscribed to U.S. Individual Income Tax
Returns, Forms 1040, for the tax years set forth below, which
returns contained and were verified by the written declaration of
ASHE that they were made under penalties of perjury, and which
returns ASHE did not believe to be true and correct as to every
material matter, to wit, ASHE fraudulently omitted a total of
more than $1.2 million of income from his tax returns, including
bribes received and the purported salary ASHE paid himself as
President of the UN General Assembly, thereby substantially
understating his total income as set forth below for the years
set forth below:

| Count | Approximate Filing Date | Tax Year | Approximate Income Omitted |
|-------|-------------------------|----------|----------------------------|
| Nine  | April 15, 2014          | 2013     | $462,350.00                |
| Ten   | April 15, 2015          | 2014     | $796,329.28                |

(Title 26, United States Code, Section 7206(1), and Title 18,
United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

13.  As a result of committing the offenses alleged in Counts
One through Five of this Indictment, FRANCIS LORENZO, a/k/a "Frank

11

Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng,"

JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan,"

the defendants, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable

to the commission of said offenses.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28,
        United States Code, Section 2461(c).)

14.   As a result of committing the offenses alleged in Count

Six through Eight of this Indictment, FRANCIS LORENZO, a/k/a "Frank

Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng,"

JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan,"

the defendants, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 982(a)(1), any property, real

or personal, involved in such offenses, and any property traceable

to such property.

(Title 18, United States Code, Section 982(a)(1).)

(Substitute Assets Provision)

15.   If any of the above-described forfeitable property, as

a result of any act or omission of FRANCIS LORENZO, a/k/a "Frank

Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap

Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a
"Sheri Yan," the defendants:

        a.   cannot be located upon the exercise of due
diligence;

        b.   has been transferred or sold to, or deposited
with, a third person;

        c.   has been placed beyond the jurisdiction of
the Court;

        d.   has been substantially diminished in value;
or

        e.   has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§
981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek
forfeiture of any other property of said defendants up to the
value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21,
United States Code, Section 853; Title 28, United States Code,
Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
UNITED STATES ATTORNEY

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOHN W. ASHE,
FRANCIS LORENZO,
a/k/a "Frank Lorenzo,"
NG LAP SENG,
a/k/a "David Ng,"
a/k/a "David Ng Lap Seng,"
JEFF C. YIN,
a/k/a "Yin Chuan," and
SHIWEI YAN,
a/k/a "Sheri Yan,"

Defendants.

## INDICTMENT

15 Cr.

(18 U.S.C. §§ 2, 371, 666(a)(2),
1956(a)(2)(A), and 1956(h); 26 U.S.C.
§ 7206(1).)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
                              Foreperson.

10/20/15 - Filed Indictment
sio      Case assigned to J Broderick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                                    :
UNITED STATES OF AMERICA,
                                                    :
    Plaintiff,
                                                    :
   -v.-                           **VERIFIED COMPLAINT**
                                                    :   **FOR FORFEITURE**
Approximately $429,547.02 in
United States currency currently :   18 Civ. ___ (___)
on deposit in Citibank checking
account 4988947242 held in the :
name of John Ashe;
                                                    :
A Rolex Sky-dweller watch, Serial
Number 11781846; and     :

a Rolex Datejust II watch, Serial :
Number 11731437,
                                                    :
    Defendants-in-rem.
                                                    :
- - - - - - - - - - - - - - - - - x

   Plaintiff the United States of America (the "Government"), by

its attorney Geoffrey S. Berman, United States Attorney for the

Southern District of New York, for its verified complaint (the

"Complaint") alleges, upon information and belief, as follows:

## INTRODUCTION

   1.  This action is brought by the Government pursuant to

18 U.S.C. §§ 981(a)(1)(A) and (C), and 985, seeking the

forfeiture of certain property traceable to and/or involved in a

bribery and money laundering scheme.

2. The property sought by this complaint was subject to criminal forfeiture in connection with the prosecution of John Ashe in *United States* v. *John W. Ashe, et al.*, 15 Cr. 706 (VSB), but those criminal forfeiture proceedings have been terminated by order of *Nolle Prosequi* before any final order of forfeiture as a result of Ashe's death on June 22, 2016.

3. By this Complaint, the Government seeks forfeiture of all right, title and interest in the following property:

a. Approximately $429,547.02 in United States currency on deposit in Citibank checking account 4988947242 held in the name of John Ashe (the "Defendant Account"), which, pursuant to the December 9, 2015 Stipulation and Order filed in *United States* v. Ashe, et al., 15 Cr. 706 (VSB), includes:

(i) All funds formerly on deposit in Citibank checking account 4984033347 held in the names of John Ashe, Anilla Cherian, and Son #1 and currently on deposit in the Defendant Account (the "3347 Account");

(ii) All funds formerly on deposit in Citibank checking account 4984033398 held in the name of John Ashe as custodian for Son #2 and currently on deposit in the Defendant Account (the "3398 Account");

(iii) All funds formerly on deposit in Citibank checking account 4984033304 held in the name of John Ashe and Anilla Cherian and currently on deposit in Defendant Account (the "3304 Account");

(iv) All funds formerly on deposit in Citibank savings account 4984033312 held in the name of John Ashe and Anilla

Cherian and currently on deposit in Defendant Account (the "3312 Account");

(v) All funds formerly on deposit in Citibank savings account 4984035529 held in the name of John Ashe as custodian for Son #1 currently on deposit in Defendant Account (the "5529 Account");

(vi) All funds formerly on deposit in Citibank checking account 4991647654, held in the name of Cherian Ashe Group Ltd. and currently on deposit in the Defendant Account (the "7654 Account"); and

(vii) All funds formerly on deposit in Citibank brokerage account C25037711, held in the name of John Ashe and currently on deposit in Defendant Account (the "7711 Account");

(i-vii, collectively, the "Subject Accounts").

b. A Rolex Sky-dweller watch, Serial Number 11781846 ("Rolex-1"); and

c. A Rolex Datejust II watch, Serial Number 11731437("Rolex-2");

and all property traceable thereto.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a) and (b)(1)(A).

5. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

**BACKGROUND**

6.    John W. Ashe ("Ashe") served in various positions at the Permanent Mission of Antigua and Barbuda ("Antigua") to the United Nations ("UN"), the headquarters of which is located in New York, New York.  Starting in or about May 2004, and continuing until in or about Fall 2014, Ashe served as the Permanent Representative of Antigua to the UN, that is, Antigua's ambassador to the UN.

7.    Beginning in or about 2011, Ashe expected to be elected as the 68th President of the UN General Assembly ("UNGA"), and began soliciting money from others, purportedly to support his forthcoming Presidency.  On or about June 13, 2013, Ashe was formally elected as the UNGA President for a one-year term beginning in or about September 2013 and ending in or about September 2014.

**THE INDICTMENT**

8.    On or about October 20, 2015, Ashe, among others, was charged in two counts of a ten-count Indictment, *United States v. John W. Ashe, et al.*, 15 Cr. 706 (VSB) (the "Indictment"), a copy of which is attached as Exhibit A, and incorporated herein by reference, charging Ashe with two counts of Subscribing to a False or Fraudulent United States Income Tax Return, in violation of Title 26, United States Code, Section 7206(1).

9.    The Indictment also charged four other individuals with conspiracy to commit bribery, in violation of Title 18, United States Code, Section 371 (Count One), bribery, in violation of Title 18, United States Code, Section 666(a)(2)(Counts Two through Five), conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Six), and money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A) (Counts Seven and Eight).  Ashe was one of the recipients of the bribes charged, and of money transmitted in violation of the money laundering statute.[1]

10.   As alleged in the Indictment, in exchange for monetary payments, Ashe, while serving as the Permanent Representative of Antigua to the UN and later as the President of the United Nations General Assembly, agreed to and did perform official actions for businesspeople based in China who were seeking benefits from the UN and/or the government of Antigua.  (*See* Indictment ¶¶ 2 and 4).

11.   As alleged, during the course of the scheme, Ashe agreed to and did accept at least hundreds of thousands of

---

[1]    Ashe was not identified by name in Counts Two through Eight of the Indictment as the individual being bribed.    Instead, all references to Ashe referred to him as the President of the UN General Assembly.

dollars in bribes from co-conspirators, certain of whom were seeking to build a multi-billion dollar, UN-sponsored conference center in Macau, China (the "the UN Macau Conference Center"). In exchange for these payments, among other actions, Ashe agreed to and did submit an official UN document to the then-Secretary-General of the UN, which claimed that there was a purported need to build the UN Macau Conference Center.  In addition, in return for the bribe payments, Ashe agreed to support businesspeople's interests within the UN and/or within the Antiguan government.

12.  As alleged, Ashe solicited a portion of his bribes to be paid to two business bank accounts that Ashe opened at two major American banks, in the name "John Ashe dba John Ashe PGA 68," and "Office of the President of the General Assembly PGA 68 Operating Account," for the purported purpose of raising money for his UN General Assembly Presidency ("PGA Account-1" and "PGA Account-2," together, the "PGA Accounts").  Ashe was the sole signatory on both of the PGA Accounts.  From in or about 2012, up to and including at least in or about 2014, Ashe received over $3 million in the PGA Accounts from both foreign governments and individuals.  During the same time period, Ashe withdrew more than $1,000,000 from the PGA Accounts and transferred the money to personal bank accounts, including the Defendant Account and Subject Accounts (together, "the Personal Accounts").

13. As alleged, from in or about 2012, up to and including at least in or about 2014, Ashe transferred more than $1,000,000 from the PGA Accounts to his personal bank accounts, including the Personal Accounts, in the United States, and used the money to pay for, among other things, Rolex-1 and Rolex-2.

14. On or about July 7, 2016, following Ashe's death, a *Nolle Prosequi* was so-ordered by United States District Judge Vernon S. Broderick.

15. All defendants charged with conspiracy to bribe and/or bribing Ashe have pleaded guilty, except for defendant Ng Lap Seng, a/k/a "David Ng," a/k/a "Wu Liseng," who proceeded to trial on June 26, 2017, and was convicted of all counts, as charged in Superseding Indictment S5 15 Cr. 706 (VSB) (which is also incorporated by reference herein), on July 27, 2017. Specifically, Ng was convicted of one count of conspiracy to commit bribery and to violate the Foreign Corrupt Practices Act ("FCPA"), one count of bribery, two counts of violating the FCPA, one count of conspiracy to commit money laundering, and one count of money laundering.

## PROBABLE CAUSE

16. A review of the bank records for the PGA Accounts along with the bank records of the Personal Accounts, and other bank and financial records, revealed that one or more of the Personal Accounts received proceeds traceable to the bribery

scheme, and that certain monies transmitted in furtherance of that scheme, including monies transmitted to or transferred into one or more of the Personal Accounts, were transmitted from China to and/or through the United States, as alleged in the Indictment. Review of bank and other financial records also revealed, among other things:

a. In or about September 2015, there was in excess of $104,000 in proceeds traceable to the bribery scheme on deposit in the 3304 Account.

b. On or about March 16, 2014, Ashe purchased the Rolex-1 and Rolex-2 in part by charging the amount of $49,592.56 with his American Express credit card (the "Amex Account").

c. On or about March 18, 2014, there was in excess of $49,592.56 in proceeds traceable to the bribery scheme on deposit in the 3304 Account.

d. On March 18, 2014, a payment from the 3304 Account was made to the Amex Account, which was applied to the balance due for the Rolex-1 and Rolex-2 purchase.

17. On or about December 9, 2015, Ashe and the Government entered into a stipulation authorizing the transfer of all funds on deposit in the Personal Accounts (except for $12,000) to the Defendant Account and the freezing of those funds, in light of the Government's allegation that the Personal Accounts contained or were derived from proceeds traceable to the bribery scheme

and/or property involved in money laundering.  This stipulation was so-ordered by United States District Judge Vernon S. Broderick.

18.   Accordingly, Rolex-1, Rolex-2, and the Defendant Account, is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(A) and/or (C).

**FIRST CLAIM**
**(FORFEITURE UNDER 18 U.S.C. §§ 981(a)(1)(C) and 985)**

19.   The Government incorporates by reference paragraphs 1 through 18 above as if fully set forth herein.

20.   Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture:

> [a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

21.   Title 18, United States Code, Section 1956(c)(7)(D) provides that the term "specified unlawful activity" includes an offense under "section 666," as is charged in Counts Two through Five of the Indictment.

22.   The Defendants in Rem constitute proceeds of the bribery offenses alleged above and therefore are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### SECOND CLAIM
### (FORFEITURE UNDER 18 U.S.C. §§ 981(a)(1)(A) and 985)

23.   The Government incorporates by reference paragraphs 1 through 18 above as if fully set forth herein.

24.   Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture:

> any property, real or personal, involved in a transaction in violation of 1956 [or] 1957 of [title 18, relating to money laundering offenses], or any property traceable to such property.

25.   The Defendants in Rem constitute property involved in the money laundering offenses alleged above and therefore are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### REQUEST FOR RELIEF

WHEREFORE plaintiff, the United States of America, requests that judgment be entered as follows:

A.   Enter judgment against the Defendants in Rem, and in favor of the United States, on the first claim alleged in the Complaint and on the second claim alleged in the Complaint;

B.   Issue process to enforce the forfeiture of the Defendants in Rem, requiring that all persons having an interest in the Defendants in Rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the

Defendants in Rem to the United States of America for disposition according to law; and

C.   Grant the Government such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

Dated:   New York, New York
         February 26, 2018

                         GEOFFREY S. BERMAN
                         United States Attorney
                         Attorney for the United States of
                         America

By:      _____
                         NIKETH VELAMOOR
                         Assistant United States Attorney
                         One Saint Andrew's Plaza
                         New York, New York 10007
                         Telephone: (212) 637-1076
                         Facsimile: (212) 637-0084
                         E-mail: niketh.velamoor@usdoj.gov

## VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :
SOUTHERN DISTRICT OF NEW YORK )

Sheldon Tang, being duly sworn, deposes and says that he is a Special Agent with the Internal Revenue Service, Criminal Investigation, and as such has responsibility for the within action; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the ground of his belief are official records and files of the United States, information obtained directly by the deponent, and information obtained by other law enforcement officials and representatives during an investigation of alleged violations of Title 18, United States Code.

_____

Sheldon Tang
Supervisory Special Agent
Internal Revenue Service, Criminal
Investigation

Sworn to before me this
___26ᵗʰ___ day of February, 2018:

_____
NOTARY PUBLIC

KEVIN C. GORMAN
Notary Public, State of New York
No. 02GO6161201
Qualified in WESTCHESTER County
Commission Expires FEBRUARY 20, 2019